

Andre J. Twitty, Florence, CO, pro se.

Before LUCERO, EBEL, and GORSUCH, Circuit Judges.

## ORDER AND JUDGMENT*

NEIL M. GORSUCH, Circuit Judge.

Andre J. Twitty, a federal prisoner, filed a writ of habeas corpus in the District of Colorado pursuant to 28 U.S.C. § 2241, seeking to attack the validity of his federal conviction in the Northern District of Georgia. In response, the court ordered Mr. Twitty to show cause (1) why his § 2241 application should not be denied, given that he has an adequate and effective remedy under 28 U.S.C. § 2255; and, (2) why the court should not restrict his ability to file future pleadings given that this is his twelfth § 2241 petition. When Mr. Twitty's response failed to show sufficient cause, the district court, in a thorough twelve-page order, dismissed his petition and imposed filing restrictions. After a careful review of the record, this court concludes that the district court did not abuse its discretion when it imposed filing restrictions (restrictions that offer clear guidelines as to how Mr. Twitty can obtain permission to file future actions). *See Ketchum v. Cruz,* 961 F.2d 916, 921 (10th Cir.1992). We also affirm the dismissal of Mr. Twitty's habeas petition for substantially the same reasons stated by the district court in its thorough order. Finally, we deny Mr. Twitty's motion to proceed *in forma pauperis* as he fails to present a non-frivolous argument on appeal.

**Eric Levanter DeMILLARD, Plaintiff–Appellant,**

v.

**NO NAMED DEFENDANT, Defendant–Appellee.**

**No. 10–1536.**

United States Court of Appeals, Tenth Circuit.

Jan. 14, 2011.

---

* After examining appellant's briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R.App. P. 32.1 and 10th Cir. R. 32.1.

the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1973); *see also Doyle v. Okla. Bar Ass'n*, 998 F.2d 1559, 1566 (10th Cir.1993). Efforts to initiate a criminal proceeding are properly directed to appropriate Executive branch officials, not the Judiciary through private prosecutions. In addition, we deny Mr. DeMillard's request to proceed *in forma pauperis* because he fails to present a reasoned, nonfrivolous argument on appeal. *See McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir.1997).

Eric Levanter DeMillard, Prescott, AZ, pro se.

Before LUCERO, EBEL, and GORSUCH, Circuit Judges.

### ORDER AND JUDGMENT*

NEIL M. GORSUCH, Circuit Judge.

Eric Levanter DeMillard asked the district court to issue an arrest warrant for a person who Mr. DeMillard claims kidnapped his son. The district court dismissed Mr. DeMillard's case, holding that he lacked standing to pursue a criminal prosecution, a result Mr. DeMillard now appeals. We, however, discern no error in the district court's reasoning or result and so affirm. It is settled law that "in American jurisprudence, at least, a private citizen lacks a judicially cognizable interest in

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Tommy Lee ELLIS, Defendant–**
**Appellant.**

**No. 09–6295.**

United States Court of Appeals,
Tenth Circuit.

Jan. 18, 2011.

---

* After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order

and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R.App. P. 32.1 and 10th Cir. R. 32.1.